UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            Case No. 11-20129

SCOTT WILLIAM SUTHERLAND,

    Defendant.

_____/

**ORDER DENYING MOTION TO DISMISS INDICTMENT**

Before the court is a motion to dismiss the indictment, filed by Defendant Scott William Sutherland on May 16, 2014 (Dkt. # 759). Sutherland maintains that the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution mandates that his guilty plea to Count One of the First Superseding Indictment, charging him with as a felon in possession in violation of 18 U.S.C. § 922(g)(1), precludes his trial on Counts One and Three of the instant Third Superseding Indictment, charging him with Racketeer Influenced Corrupt Organization Conspiracy in violation of 18 U.S.C. § 1962(d) and Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841, 846(a)(1). Sutherland also claims that the Government impermissibly obtained the Third Superseding Indictment as retaliation for Sutherland's refusal to cooperate against other members to be indicted as part of the Devils Diciples Motorcycle Club. Having reviewed the briefs, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). Sutherland's arguments are without merit and will be denied.

## I. DOUBLE JEOPARDY

The Fifth Amendment ensures that no "person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The test for whether a double jeopardy bars successive prosecutions is the "same-elements" test, known as the *Blockberger* test, states that "where the two offenses for which the defendant is punished or tried cannot survive the "same-elements" test, the double jeopardy bar applies." *United States v. Dixon*, 509 U.S. 688, 696 (1993) *citing Brown v Ohio*, 432 U.S. 161, 168-69 (1977); *Blockburger v. United States*, 284 U.S. 299, 304 (1932). The "test inquires whether each offense contains an element not contained in the other; if not, they are the "same offence" and double jeopardy bars additional punishment and successive prosecution." *Id.* "The Double Jeopardy Clause is not violated merely because the same evidence is used to establish more than one statutory violation if discrete elements must be proved in order to make out a violation of each statute." *United States v. DeCarlo*, 434 F.3d 447, 455-56 (6th Cir. 2006).

Sutherland relies heavily on *Grady v. Corbin*, 495 U.S. 508 (1990), *overruled by Dixon*, *supra*, for the proposition that "to establish an essential element of an offense charged that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted. *Id.* at 511. Sutherland fails to note that *Dixon* explicitly overruled *Grady*. *See Dixon*, 509 U.S. at 703 ("We have concluded, however, that *Grady* must be overruled."). *Dixon* unambiguously reinforces the law Sutherland attempts to avoid; the same-conduct test applies.

It is not surprising that Sutherland seeks to find a way around the *Blockburger* test, for it is clear that Count One of the First Superseding Indictment and Counts One

2

and Three of the Third Superseding Indictment pass the same-conduct test with flying colors. To obtain a § 922(g)(1) conviction, the Government must prove that (1) the defendant has been convicted of a crime punishable by imprisonment for more than one year; (2) the defendant, following his conviction, knowingly possessed a firearm and ammunition specified in the indictment; and (3) the firearm and ammunition were manufactured in a state other than Michigan. On the other hand, a § 1962(d) conviction requires proof of (1) an enterprise; (2) its effect on interstate commerce; (3) a conspirator was associated with the enterprise; (4) a conspirator conducted the affairs of the enterprise; and (5) a conspirator's participation in the conduct of the affairs of the enterprise through a pattern of racketeering activity. For each offense the Government must prove elements not contained in the other. The overt acts mentioned in the indictment, of which Sutherland's firearm possession is one, are not elements of the RICO conviction. As such, Sutherland's double jeopardy claim fails.[1]

## II. PROSECUTORIAL VINDICTIVENESS

A prosecutor may not use criminal charges to penalize a defendant's exercise of constitutional rights. *Blackledge v. Perry*, 417 U.S. 21-28 (1974). A defendant must show actual vindictiveness or a sufficient factual basis to raise a presumption of vindictiveness. *United States v. Goodwin*, 457 U.S. 368, 373 (1982). Sutherland's brings forward no evidence of actual vindictiveness, so he must rely on the presumption.

---

[1] It is unclear whether Sutherland is also challenging Count Three, which clearly passes the *Blockburger* test as well.

In order to establish a presumption of an intent to punish a defendant for the exercise of a protected right, a defendant must show that there has been "(1) exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; and (3) unreasonableness of the prosecutor's conduct." *United States v. Suarez*, 263 F.3d 468, 479 (6th Cir. 2001). A court performing a vindictive prosecution analysis "must assess the fact situation before it to see if the [vindictiveness] standard is met . . . . Each situation will necessarily turn on its own facts." *United States v. LaDeau*, 734 F.3d 561, 567 (6th Cir. 2013) (internal quotation marks omitted) (alteration and omission in original). "[T]he Due Process Clause is not offended by all possibilities of increased punishmentbut only by those that pose a realistic likelihood of 'vindictiveness.' " *United States v. Poole*, 407 F.3d 767, 774 (6th Cir. 2005) (quoting *Blackledge v. Perry*, 417 U.S. 21, 27 (1974)).

Whether the "right not to cooperate" is a protected right appears to be an open question in this circuit. The circuits that have addressed the issue have concluded that it is not. *See, e.g.*, *United States v. Williams*, 47 F.3d 658, 662 (4th Cir. 1995) ("Although a defendant has the right not to cooperate, a prosecutor may pressure a defendant to waive that right by threatening a more severe indictment. The right not to cooperate is certainly no more important than the right of an accused to a trial, and yet the Supreme Court has allowed prosecutors, during plea negotiations, to use the threat of a harsher indictment to pressure a defendant to plead guilty and thus waive his right to trial."); *United States v. Long*, 823 F.2d 1209, 2011 (7th Cir. 1987) (noting that "the government may penalize . . . a refusal [to cooperate]). Sutherland complains that these cases arose in the context of plea bargain negotiations. But the situations are analytically

4

identical. *Williams* and *Long* both authorize the Government to use the threat of prosecution to encourage cooperation. There is no reason why the existence of a pending charge should alter that analysis.

In any event, assuming *arguendo*, that the right not to cooperate is a protected right, the court finds the circumstances behind the Third Superseding Indictment reveal that the Government's conduct was not unreasonable. "[T]he mere presence of a superseding indictment bringing additional charges is not sufficient to be presumptively unreasonable. Generally, a potentially vindictive superseding indictment must add additional charges or substitute more severe charges based on the same conduct charged less heavily in the first indictment. Where, by contrast, there were multiple criminal acts, the addition of further charges is more reasonable." *Suarez*, 263 F.3d at 480. Here, the Third Superseding Indictment does not simply attempt to ratchet up Sutherland's charges based on his felon in possession violation. Instead, it covered a wide range of criminal conduct occurring over the course of several years.

### III. CONCLUSION

Accordingly, IT IS ORDERED that the motion to dismiss (Dkt. # 759) is DENIED.

                                                s/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: October 17, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 17, 2014, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522
