**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES,

    Plaintiff,

v.                                          Case No.    11-20129

SCOTT WILLIAM SUTHERLAND (D-1),

    Defendant.
                                          /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR VIOLATION OF SPEEDY TRIAL ACT, VIOLATION OF FED. R. CRIM. P. RULE 48(b), AND DEFENDANT'S CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL**

Defendant Scott William Sutherland stands accused of conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances. If convicted, Defendant faces a minimum sentence of 10 years in prison. Given the complexity of this case, which is brought against 41 defendants, trial has been delayed to allow adequate time for, among other things, all of the defendants to review the electronic discovery, litigation of multiple motions, and resolution of interlocutory appeals. Defendant moves to dismiss the charges against him due to the length of delay in being brought to trial.[1] The Government opposes the motion. The matter is fully briefed, and no hearing is needed. *See* E.D. Mich. LcrR 1.1; E.D. Mich. LR 7.1(f)(2). The court finds no violation of the Speedy Trial Act or Sixth Amendment, and

---

[1]Thirteen defendants joined in this motion without additional fact-specific argument. The court's analysis applies with equal force to each of the joint defendants.

finds no grounds for dismissal pursuant to Federal Rule of Criminal Procedure 48(b). For the reasons discussed below, the motion will be denied.

## A. THE SPEEDY TRIAL ACT

Pursuant to 18 U.S.C. § 3161, Defendant is entitled to be brought to trial within seventy days from the indictment or when he first appeared in court. Further, under 18 U.S.C. § 3164, trial of a detained person must be brought within ninety days after the beginning of continuous detention. 18 U.S.C. § 3164(b). The calculation of days, however, is not a strict calendar day calculation, because both provisions set forth reasons to exclude periods of delay in computing the time limitations. *See* 18 U.S.C. § 3161(h).

In this case, the court has entered multiple orders of excludable delay and, additionally, several incidences of automatic delay have occurred, due to, for example, motions pending before the court and interlocutory appeals. The Government has set forth the various periods of excludable delay which have occasioned in this case. (Appendices A and B to Gov't's Resp., Dkt. # 54-1, Pg. ID 3775-79.) These calculations are consistent with the court's calculations.

Indeed, Defendant waived his right to raise any Speedy Trial Act claims relating to his first indictment when he pleaded guilty on October 3, 2011. *See* 18 U.S.C. § 3162(a)(2) ("Failure of the defendant to move for dismissal prior to . . . entry of a plea of guilty . . . shall constitute a waiver of the right to dismissal under [the Speedy Trial Act]."). Additionally, 18 U.S.C. 3161(h)(6) provides that where multiple defendants are charged together, one speedy trial clock applies. "As such, the excludable delay of one defendant is ascribed to that of all of his co-defendants." *United States v. Cope*, 312

F.3d 757, 776-77 (6th Cir. 2002) (citing *United States v. Culpepper*, 898 F.2d 65, 66–67 (6th Cir. 1990)). Moreover, the court entered an order on February 21, 2013, finding that this case is "complex" under 18 U.S.C. § 3161(h)(7)(B)(ii), and also finding that the ends of justice in granting a continuance outweigh the best interest of the public and the defendants in a speedy trial. Subsequent orders have confirmed this finding, and have excluded time accordingly. (*See* Dkt. ## 596, 650.) Defendant's time period has not come anywhere close to expiring.

### B. THE SIXTH AMENDMENT

When assessing whether the delay between indictment and trial has violated the defendant's constitutional rights, the Supreme Court has identified four factors to consider: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). No one factor is determinative, but instead, "they are related factors and must be considered together with such other circumstances as may be relevant." *Id.* at 533; *see also United States v. Schreane*, 331 F.3d 548, 553 (6th Cir. 2003). Defendant argues that his Sixth Amendment right to a speedy trial was violated on the grounds that "the delay in this case is uncommonly long, the reason for the delay weighs in favor of Defendant . . . , his timely asserting of his rights weighs strongly in his favor, and he was prejudiced by the delay." (Dkt. # 763, Pg. ID 3278.) The Government counters that (1) "the government has been very diligent in the prosecution of this case;" (2) "[d]elay has resulted from motion practice and interlocutory appeals, as well as the complexity of the case, the number of the defendants, the volume of discovery materials, and the time needed by defendants to review such materials;" (3) the court has "closely supervised

3

the case through routinely-schedule status conferences and orders requiring frequent updates regarding the progress of the case;" (4) Defendant "has not vigorously asserted his speedy trial right and has stipulated or failed to object to continuances based on the complexity of the case; and (5) Defendant has "failed to specify how any delays have impaired his defense." (Dkt. # 854, Pg. ID 3770-71.)  The court agrees with the Government.

Balancing the *Barker* factors, the court first finds that the nearly twenty-four-month delay since the Third Superseding Indictment is presumptively prejudicial. Though the court does not find this delay uncommonly long given the complexity and issues of this case, the Sixth Circuit has held that delays exceeding one year are sufficient to trigger the remaining *Barker* factors.  *Schreane*, 331 F.3d at 553.

The second factor weighs in favor of the Government where, as here, the reasons for the delay are valid.  *See id.* at 554.  The delays in this case are not attributable to any bad faith or negligence by the Government, but rather are the result of the legitimate electronic discovery issues, significant motion practice, numerous defendants, and complexity of this conspiracy matter.  The Government has attempted to streamline this case, through coordination with the court and defense counsel, by proposing certain methods to speed discovery and by working cooperatively with defense counsel.  The court has appointed, at public expense, a discovery coordinator, designated Liaison Counsel to minimize the confusion and backlog which naturally occurs with so many attorneys involved in a case, and set regular status conference to attempt to keep the case moving as rapidly as possible.  At no stage in his process has the court detected any hint that the Government was stalling or in any way impeding the

progress of this case. The second factor, therefore, weighs in favor of the Government.

The third *Barker* factor looks to Defendant's responsibility to assert his right to a speedy trial. If a defendant has not timely done so, this factor weighs against the finding of a constitutional violation. *Id.* at 557. Defendant Sutherland objected to some delays in this case, and, in his April 22, 2013 motion for revocation of his detention order, Defendant argued that the court may release Defendant "because of the excessive time of detention before trial under the Due Process Clause of the Fifth Amendment." (Dkt. # 585, Pg. ID 2128.) This motion's arguable assertion of Defendant's speedy trial rights came approximately sixteen months after Defendant was arraigned in August 2012. Moreover, before and after that motion, Defendant stipulated to or raised no objections to many other trial delays. Defendant also requested additional time to review discovery which, if granted, would have further delayed the trial. In light of Defendant's acquiescence to delays, his own request for delays, and his inability to point to an unambiguous request for a speedy trial, this factor, too, weighs against a Sixth Amendment violation.

Finally, the fourth factor, prejudice to the defendant, also weighs in favor of the Government. With respect to this factor, the Supreme Court has held that "[p]rejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." *Barker*, 407 U.S. at 532. Such interests include "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id.* And, "[o]f these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.* Defendant

asserts in a conclusory manner that he has been prejudiced because he has experienced anxiety about the charges and "he and witnesses for the defense, as well as for the Government, have faded to the extent it will deprive him of his Sixth Amendment right of confrontation." (Dkt. # 763, Pg. ID 3277-78.) In the Sixth Circuit, "[w]hen the government prosecutes a case with reasonable diligence, a defendant who cannot demonstrate how his defense was prejudiced *with specificity* will not make out a speedy trial claim no matter how great the ensuing delay." *United States v. Young*, 657 F.3d 408, 418 (6th Cir. 2011) (quoting *United States v. Howard*, 218 F.3d 556, 564 (6th Cir.2000)). Particularly where, as here, the court has closely monitored the progression of this case, there is near-universal agreement among the defendants that delay is warranted in order to appropriately consider the voluminous electronic discovery, and there is no evidence that the Government has unreasonably prolonged matters, Defendant's failure to articulate any specified prejudice weighs this final factor, and the entirety of the *Barker* test, against the finding of a constitutional violation.

### C.  FEDERAL RULE OF CRIMINAL PROCEDURE 48(b)

Rule 48(b) provides that "[t]he court may dismiss an indictment . . . if unnecessary delay occurs in . . . bringing a defendant to trial." Fed. R. Crim. P. 48(b). For the reasons discussed above, the court does not find that any unnecessary delay occurred. This is a complex case involving 41 defendants and delays have been allowed to provide the defendants an opportunity to review discovery and to resolve multiple motions and interlocutory appeals. Therefore, the court sees no basis for dismiss the indictment under Rule 48(b).

### D. CONCLUSION

IT IS ORDERED that the Motion to Dismiss for Violation of the Speedy Trial Act, Violation of Fed. R. Crim. P. Rule 48(b), and Defendant Sutherland's Constitutional Right to a Speedy Trial (Dkt. # 763) is DENIED.

          s/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: October 17, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 17, 2014, by electronic and/or ordinary mail.

          s/Lisa Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522