UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

D-1, SCOTT WILLIAM SUTHERLAND,

          Defendant.
_____/

Criminal No. 2:11-cr-20129

Honorable Robert H. Cleland

## **PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, a First Superseding Indictment was filed on or about May 5, 2011, which charged Defendant Scott William Sutherland ("Defendant") with violating 18 U.S.C. § 922(g)(1), and provided notice that the Government sought criminal forfeiture of all firearms and ammunition involved in Defendant's violation, pursuant to 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461(c).

WHEREAS, on October 4, 2011, Defendant entered into a Rule 11 Plea Agreement wherein he pled guilty to violating 18 U.S.C. § 922(g) as alleged in Count One of the First Superseding Indictment and agreed to forfeit to the United States the following items as property involved in Defendant's violation of 18 U.S.C. § 922(g):

    a.    One (1) Llama Parabellum, 9MM Semi-Automatic Pistol, Serial No: B44382;

    b.    One (1) Bushmaster XM 15-E25 Rifle, Serial No: L206664 with Magazine, 223 Caliber, with black White Tail 30MM sight, Serial No: 800836; and

    c.    Twenty-Nine (29) Rounds of 223 Ammunition

(hereinafter referred to as the "Subject Property").

WHEREAS, Defendant also agreed in his Plea Agreement to the Court's entry of a Preliminary Order of Forfeiture incorporating the forfeiture of the Subject Property.

**NOW, THEREFORE**, pursuant to 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461(c) and Fed.R.Crim.P. 32.2, and based upon Defendant's guilty plea to Count One of the First Superseding Indictment, the contents of Defendant's Rule 11 Plea Agreement, the Government's Application for Entry of Preliminary Order of Forfeiture, and other information in the record, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**

1. The Subject Property **IS HEREBY FORFEITED** to the United States for disposition in accordance with the law, and any right, title or interest of Defendant in such property **IS HEREBY AND FOREVER EXTINGUISHED**.

2. Based upon the information and agreements contained in Defendant's Rule 11 Plea Agreement, and other information in the record, there is a sufficient nexus between the Subject Property and Defendant's offense, and therefore,

the Subject Property is forfeitable to the United States pursuant to 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461(c).

3. This Order shall become final as to Defendant at the time he is sentenced.

4. The forfeiture of the Subject Property shall be made part of Defendant's sentence and included in Defendant's Judgment, and this Preliminary Order of Forfeiture shall be incorporated by reference in the Judgment.

5. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

6. Pursuant to 21U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct on [www.forfeiture.gov](www.forfeiture.gov) for at least thirty (30) consecutive days.  Said notice shall direct that any person, other than the Defendant, asserting a legal interest in the Subject Property, may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject

Property. Pursuant to 21 U.S.C. § 853(n), any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought. Pursuant to 21 U.S.C. § 853(n), the United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.

7. The United States is hereby authorized, pursuant to 21 U.S.C. § 853(n) and Federal Rules of Criminal Procedure 32.2 (c), to conduct any discovery in the ancillary proceeding in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is proper and desirable.

8. Pursuant to 21 U.S.C. § 853(n), following the Court's disposition of any petitions for ancillary hearing, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n) for the filing of third party petitions, the United States shall have clear title to the Subject Property, all other interests in the Subject Property shall be FORFEITED to the United States, this Order shall become the Final Order of Forfeiture as provided by Federal

Rule of Criminal Procedure 32.2(c)(2), and the United States shall be authorized to dispose of the Subject Property as prescribed by law.

9. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

Dated: October 24, 2014

s/Robert H. Cleland
HONORABLE ROBERT H. CLELAND
United States District Judge